AUSAs: William K. Stone; Georgia V. Kostopoulos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**25 MAG 201**

UNITED STATES OF AMERICA

v.

JOSE MANUEL ALCEQUIEZ-GARCIA and
ELVIN RAMIREZ-PANIAGUA,

Defendants.

**COMPLAINT**

Violations of 21 U.S.C. § 841, 846,
and 18 U.S.C. § 2

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK:

CHRISTOPHER DANIEL, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

### COUNT ONE
### (Conspiracy to Distribute Narcotics)

1. Between at least in or about December 2024 through January 2025, in the Southern District of New York and elsewhere, JOSE MANUEL ALCEQUIEZ-GARCIA and ELVIN RAMIREZ-PANIAGUA, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed, together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JOSE MANUEL ALCEQUIEZ-GARCIA and ELVIN RAMIREZ-PANIAGUA, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that JOSE MANUEL ALCEQUIEZ-GARCIA and ELVIN RAMIREZ-PANIAGUA, the defendants, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

### COUNT TWO
### (Distribution of Narcotics)

4. On or about January 22, 2025, in the Southern District of New York and elsewhere, JOSE MANUEL ALCEQUIEZ-GARCIA and ELVIN RAMIREZ-PANIAGUA, the defendants, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and aided and abetted the same.

5.      The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); Title 18, United States Code, Section 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6.      I am a Special Agent with HSI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7.      Based on my participation in this investigation, including my conversations with other members of law enforcement and other individuals, my review of reports and records, and my review of photographs and physical surveillance, I have learned the following, in substance and in part:

a.      At approximately 12:02 p.m., law enforcement officers observed a white Honda sedan (the "Vehicle") in the Washington Heights neighborhood of Manhattan commit several violations of New York State Vehicle and Traffic Law, including by parking in a "No Standing Zone," pulling off the curb without using a turn signal, and passing through a red-light while making a left turn. Law enforcement officers followed the Vehicle and conducted a traffic stop near 712 West 175th Street in Manhattan, New York.

b.      During the traffic stop, law enforcement officers, among other things, identified the driver and the passenger of the Vehicle, respectively, as JOSE MANUEL ALCEQUIEZ-GARCIA and ELVIN RAMIREZ-PANIAGUA, the defendants. ALCEQUIEZ-GARCIA stated, in sum and substance, that the Vehicle belonged to him. In addition, ALCEQUIEZ-GARCIA verbally consented to a search of the Vehicle and its contents.

c.      Law enforcement officers then conducted a search of the Vehicle and found a blue backpack (the "Backpack") in the trunk of the Vehicle. Law enforcement officers opened the Backpack and found a yellow plastic bag inside of a white plastic bag that contained nine clear plastic sleeves containing blue pills. In total, the blue pills weighed approximately 4.77 kilograms.

d.      A law enforcement officer field-tested a sample of the blue pills contained inside the clear plastic sleeves, and the sample tested positive for fentanyl. Photographs of the Backpack containing the bag of pills (left) and the nine clear plastic sleeves containing the pills are below:

2




e. Following the search, ALCEQUIEZ-GARCIA and RAMIREZ-PANIAGUA each made statements having received and waived their *Miranda* rights in which each independently admitted, in sum and substance, that each knew that the Backpack contained narcotics, which were being trafficked into Manhattan from Philadelphia.

WHEREFORE, I respectfully request that JOSE MANUEL ALCEQUIEZ-GARCIA and ELVIN RAMIREZ-PANIAGUA, the defendants, be imprisoned or bailed, as the case may be.

CHRISTOPHER DANIEL
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me on
this 23rd day of January 2025.

THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York

3